UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

        Plaintiff,                    Case No. 11-12939

v.                                      District Judge Denise Page Hood
                                        Magistrate Judge R. Steven Whalen

CORIZON HEALTH, INC., ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 7, 2011, Plaintiff Trenton Sildack, through counsel, filed a civil rights complaint under 42 U.S.C. § 1983, based on events that occurred when he was a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"). Before the Court is a Motion to Dismiss [Doc. #23] brought by Defendants Corizon, Inc. (A/K/A Corizon Health, Inc.)("Corizon"), Suzanne B. Kirk, N.P., Joseph Burtch, M.D., Myan Z. Quayyum, M.D., and Sarah Hope Heebsh, P.A. This motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It will be submitted on the pleadings, without oral hearing.[1] E.D. Mich. Local Rule 7.1(f)(2). For the reasons discussed below, I recommend that the motion be DENIED.

---

[1] On December 2, 2011, the Court entered a stipulated order permitting Plaintiff's counsel to withdraw and staying the case for 60 days for Plaintiff to obtain new counsel [Doc. #67]. Sixty days have passed, so the stay of proceedings is no longer in effect. Plaintiff has not obtained new counsel (or at least new counsel has not filed an appearance), so Plaintiff is now proceeding *pro se*.

-1-

## I.  FACTS

The complaint alleges that while the Plaintiff was a prison inmate in the MDOC's custody, these Defendants, who were charged with his medical care, were deliberately indifferent to his serious medical needs, in violation of the Eighth and Fourteenth Amendments. The amended complaint contains the following allegations.

On July 7, 2008, while he was incarcerated at the Lakeland Correctional Facility, the Plaintiff injured his back when, as part of his work detail, he was lifting and moving cement platforms weighing 300 to 400 pound. *First Amended Complaint* [Doc. #37], ¶¶ 48-50. From July 7, 2008 through December 25, 2008, his condition worsened, and he repeatedly requested medical treatment. *Id.* ¶¶ 53-54. Defendants Heebsh and Kirk were two of the medical providers he saw at Lakeland. *Id.* ¶ 54.

On December 25, 2008, Plaintiff was transferred to the Cooper Street Correctional Facility, where he remained until January 21, 2009. During that period, he experienced increasingly worsened back conditions, including severe lower back pain, pain radiating to his legs, back spasms, and numbness and tingling in his legs. He repeatedly requested medical treatment. He was seen by Defendant Qayyum (sic Quayyum), among others. *Id*. ¶¶ 57-60.

On January 21, 2009, Plaintiff was transferred to the G. Robert Cotton Correctional Facility, where his medical problems continued to worsen. On March 21, 2009, he was transferred to the Newberry Correctional Facility, where he remained until December 15, 2009. There, he was seen by Defendant Burtch, among others. *Id*. ¶¶ 67-70.

On December 15, 2009, Plaintiff was transferred to the Ojibway Correctional Facility. His condition continued to worsen, and he continued requesting medical care. He

was again seen by Defendant Burtch, among others. *Id.* ¶ ¶ 72-75.

As to the individual Defendants, Plaintiff alleges that they were deliberately indifferent to his medical needs as the result of conduct that included failing to conduct timely and appropriate examinations; failing to properly analyze the findings of evaluations; failing to record medical history, complaints and findings; failing to provide timely and appropriate appointments and referrals for medical testing; failing to appropriately notify doctors of medical history, complaints and symptoms; failure to provide referrals to supervising and treating doctors; and otherwise failing to provide appropriate medical care and treatment. *Id.* ¶¶ 89-90. Plaintiff alleges that as a proximate cause of the Defendants' acts and omissions, he "underwent serious and unnecessary pain, suffering, and physical injury and suffered serious and permanent pain and physical injury including but not limited to episodic pain in his lower back, legs, groing, and right foot and numbness, loss of feeling, and loss of function in his groin and sexual organs, right leg and right foot." *Id.* ¶ 92.

As to corporate Defendant Corizon, Plaintiff alleges deliberate indifference based on a number of institutional practices, including its failure to develop, implement, and maintain appropriate policies and practices for evaluation and diagnostic testing of patients; failing to train its employees, agents and contractors; maintaining polices and practices of delaying and/or denying MRI testing and other testing for patients with low back injuries; and other instances of failure to train employees and failure to develop and implement policies. *Id.* ¶¶ 85-88.

On January 25, 2011, the Plaintiff was paroled and returned to his home in Fort Wayne, Indiana. *Plaintiff's Response* [Doc. #38], Exhibit A.

On September 21, 2011, Defendants Corizon and Kirk filed a "First Amended

Motion to Dismiss Claims" [Doc. #42].

The Defendants ask that the complaint be dismissed against all Defendants based on Plaintiff's failure to exhaust administrative remedies, and that it be dismissed as to individual Defendant Suzanne B. Kirk and corporate Defendant Corizon for failure to allege a plausible claim for relief.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

(internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[3] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

### A.

Defendants first argue that the claims should be dismissed for Plaintiff's failure to exhaust his prison administrative remedies, as required by 42 U.S.C. § 1997e(a).

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. §

---

[3] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...*by a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted." (Emphasis added). This exhaustion requirement does not apply to *former* prisoners who file their civil cases after they have been released. In *Mabry v. Freeman*, 489 F.Supp.2d 782, 785 (E.D.Mich. 2007), the Court stated:

> "While the Sixth Circuit has not specifically decided this issue, every federal court of appeals that has addressed this issue has held that the PLRA's exhaustion requirement does not apply to suits brought by former inmates. *See Michau v. Charleston County,* 434 F.3d 725, 727 (4th Cir.2006) (holding that the PLRA's exhaustion requirement does not apply to a plaintiff who is not a prisoner as defined in the Act when the suit is filed); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005) (same); *Norton v. City of Marietta,* 432 F.3d 1145, 1150 (10th Cir.2005) (finding that a former inmate does not have to satisfy the PLRA's exhaustion requirement before bringing suit); *Ahmed v. Dragovich,* 297 F.3d 201, 210 (3d Cir.2002) (same); *Janes v. Hernandez,* 215 F.3d 541, 543 (5th Cir.2000) (same); *Page v. Torrey,* 201 F.3d 1136, 1140 (9th Cir.2000) (same); *Harris v. Garner,* 216 F.3d 970, 979-80 (11th Cir.2000) (determining PLRA not applicable to complaints filed by former prisoners for complaints regarding prison conditions prior to release); *Greig v. Goord,* 169 F.3d 165, 167 (2d Cir.1999) (holding that 'litigants ... who file prison condition actions after release from confinement are no longer prisoners for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision'); *Kerr v. Puckett,* 138 F.3d 321, 323 (7th Cir.1998) (finding person who has been released from prison is not a prisoner under the PLRA)."

In *Rose v. Saginaw County*, 232 F.R.D. 267, 277 (E.D.Mich. 2005), the Court held:

> "This Court is convinced that the plain language of section 1997e(a) compels the conclusion that its requirements apply to prisoners who are confined when they file their lawsuits, and not to former inmates who bring actions after their release from custody. That construction of the statute is consistent with the purposes and goals of the Act and tracks the legislative history."

*Rose* observed that the opposing view was clearly a minority position. I agree. Based on the great weight of authority, as well as the clear language of § 1997e(a), this

-6-

Plaintiff, who filed his lawsuit after he was released from prison, was not required to first exhaust his administrative remedies.

**B.**

*Twombley* and *Iqbal* require that a complaint contain non-speculative factual allegations, as opposed to mere legal conclusions or "formulaic recitation[s] of the elements of a cause of action." The complaint must, assuming the truth of the factual allegations, show a "plausible" claim for relief.

As to Defendant Kirk, a Nurse Practitioner, the amended complaint alleges that she saw the Plaintiff at the Lakeland Correctional Facility for purposes of medical care and treatment. *Amended Complaint*, ¶¶ 8, 55-56. At ¶ 89, the Plaintiff further alleges that Kirk, along with other Defendants, exhibited deliberate indifference to his medical needs in at least seven very specific regards:

- a. Failing to conduct timely and appropriate examinations and/or evaluations.
- b. Failing to properly analyze the findings of examinations and/or evaluations.
- c. Filing to appropriately record medical history, complaints, symptoms and/or findings.
- d. Failing to provide timely and appropriate appointments and referrals for medical testing.
- e. Failing to appropriately notify doctors of medical history, complaints and/or symptoms.
- f. Failing to timely and appropriately provide appointments and/or referrals to supervising and treating doctors; and
- g. Otherwise failing to provide appropriate medical care and treatment.

Following discovery, the claims against Defendant Kirk may or may not survive a motion for summary judgment, and a jury might or might not find her liable based on the evidence, but these very specific allegations–which, for purposes of this motion are

assumed to be true–are sufficient to meet the pleading requirements of Rule 12(b)(6), as set forth in *Twombley* and *Iqbal*.

Corporate Defendant Corizon argues that it is not subject to § 1983 liability on a theory of *respondeat superior*, and it should therefore be dismissed. In *Monell v. Department of Social Services.,* 436 U.S. 658, 692 (1978) the Supreme Court held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a §1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). However, the *Monell* Court found that when the acts of individual employees represent the government's (or in this case, the corporate defendant's) custom or policy, the municipality can be held liable. *Id* at 638, 2037-2038. *See also Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996) ("The requirement of an official policy distinguishes the acts of the employee from those of the municipality, ensuring that the municipality is held responsible only for the latter."). Indeed, the Defendant does not argue with this proposition, stating, at p.9 of its brief, "Thus, like a municipality, a corporation may only be held liable if it maintains or adopts some policy, practice, or procedure, which was then relied upon by someone else in the course of Plaintiff's medical care and treatment, and which resulted in a violation of his Constitutional rights."

At ¶ 85 of the amended complaint, Plaintiff sets forth eleven specific instances of Corizon's adoption of polices, failure to develop and implement appropriate polices, failure to train its employees and contractors, and failure to enforce existing policies and procedures. The amended complaint also alleges that Corizon is liable because of actions taken by individual Defendants pursuant to its policies, custom or practices. *Id.* ¶ 88.

For pleading purposes, therefore, Plaintiff has set forth a detailed and plausible claim for relief against Corizon.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #23] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 22, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 22, 2012.

| | |
|---|---|
| Trenton Sildack<br>5802 S Lincoln Blvd<br>Marion, IN 46953-6208 | s/Johnetta M. Curry-Williams<br>Case Manager |