UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

       Plaintiff,                         Case No. 11-12939

v.                                      District Judge Denise Page Hood
                                       Magistrate Judge R. Steven Whalen

CORIZON HEALTH, INC., ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 7, 2011, Plaintiff Trenton Sildack, through counsel, filed a civil rights complaint under 42 U.S.C. § 1983, based on events that occurred when he was a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"). Before the Court is Defendant Paul A. LaHaye's Amended Motion to Dismiss [Doc. #53][1], which has been referred for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED.

**I.  FACTS**

The complaint alleges that while the Plaintiff was a prison inmate in the MDOC's custody, the Defendants, who were charged with his medical care, were deliberately indifferent to his serious medical needs, in violation of the Eighth and Fourteenth Amendments. The amended complaint contains the following allegations.

On July 7, 2008, while he was incarcerated at the Lakeland Correctional Facility,

---

[1] This supercedes Defendant LaHaye's previous motion to dismiss [Doc. #49].

the Plaintiff injured his back when, as part of his work detail, he was lifting and moving cement platforms weighing 300 to 400 pound. *First Amended Complaint* [Doc. #37], ¶¶ 48-50. From July 7, 2008 through December 25, 2008, his condition worsened, and he repeatedly requested medical treatment. *Id.* ¶¶ 53-54.

On December 25, 2008, Plaintiff was transferred to the Cooper Street Correctional Facility, where he remained until January 21, 2009. During that period, he experienced increasingly worsened back conditions, including severe lower back pain, pain radiating to his legs, back spasms, and numbness and tingling in his legs. He repeatedly requested medical treatment. *Id.* ¶¶ 57-60.

On January 21, 2009, Plaintiff was transferred to the G. Robert Cotton Correctional Facility, where his medical problems continued to worsen. On March 21, 2009, he was transferred to the Newberry Correctional Facility, where he remained until December 15, 2009. *Id.* ¶¶ 67-70.

On December 15, 2009, Plaintiff was transferred to the Ojibway Correctional Facility. His condition continued to worsen, and he continued requesting medical care. *Id.* ¶¶ 72-75. Defendant LaHaye was a medical doctor working at the Ojibway facility, employed by Prison Health Services. *Id.* ¶¶ 38, 76. Plaintiff was seen by Dr. LaHaye while at Ojibway. *Id.* ¶ 75. The specific claims against Dr. LaHaye are contained in ¶ 90 of the amended complaint, wherein Plaintiff alleges that Dr. LaHaye, along with other Defendants, was deliberately indifferent to his medical needs as a result of the following acts:

    a. Failing to order and conduct timely and appropriate examinations and/or evaluations;

    b. Failing to timely and appropriately record and evaluate medical history,

complaints, symptoms, and findings;

c. Failing to provide timely and appropriate appointments and referrals for appropriate medical testing, including but not limited to MRI testing;

d. Failing to timely and properly analyze and interpret the results of examinations and testing;

e. Failing to appropriately notify subsequent treating doctors and consulting physicians of medical history, complaints, symptoms and findings;

f. Failing to provide timely and appropriate appointments and/or referrals to neurologist and/or neurosurgeon; and

g. Otherwise failing to provide timely and appropriate medical care and treatment, including but not limited to providing medical care and treatment as ordered by consulting doctors and specialists.

Defendant LaHaye seeks dismissal for failure to state a claim, arguing that at most, the amended complaint sets forth a claim of medical malpractice, but not Eighth Amendment deliberate indifference.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[3] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

"Determining whether a complaint states a plausible claim for relief will, as

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

[3] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.  DISCUSSION

The Supreme Court has held that prisoners have a constitutional right, under the Eighth Amendment, to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

The Defendant is correct that mere medical malpractice does not rise to the level of an Eighth Amendment violation. *See Estelle v. Gamble, supra*, 429 U.S. at 105-106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). The Sixth Circuit has also observed that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are *generally* reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857,

860 at n. 5 (6th Cir.1976)(emphasis added).

Notwithstanding the courts' "general reluctance" to conflate medical malpractice and deliberate indifference claims, the latter are not categorically restricted to cases where there is a complete absence of care, and the fact that an inmate receives *some* level of medical attention does not necessarily preclude constitutional scrutiny of the quality of that care. That assessment may necessitate a factual inquiry. For example, in *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989), the prisoner had received medical/psychiatric care, and the issue was whether "decisions to remove [the prisoner] from medication and to restore the medication without Lithium constituted deliberate indifference to [his] psychiatric condition." Affirming a denial of summary judgment, the Eleventh Circuit stated, "We cannot determine...whether [the doctor's] treatment constituted deliberate indifference to Waldrop's serious psychiatric needs because that treatment must be evaluated according to professional standards," and thus "there is a disputed issue of material fact regarding the quality of care...provided to [the prisoner]." *Id.* *Waldrop* relied in part on *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986), where the Court held that "[w]hether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses."

In *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002), a case also involving a claim of deliberate indifference to a prisoner's psychiatric needs, the Sixth Circuit relied on *Waldrop* in reversing a grant of summary judgment:

> "The [*Waldrop*] court stated that the relevant inquiry as to whether the defendants provided grossly inadequate care was 'whether a reasonable doctor ... could have concluded his actions were lawful.' *Id.* at 1034. In *Waldrop,* the court affirmed the denial of defendants' motion for summary judgment in a § 1983 action finding that a particularized, fact-specific inquiry was a necessity to the proper analysis of plaintiff's claim. Here, as in

that case, the proper analysis of Terrance's claim requires a similar inquiry."

Defendant relies on language in *Davis v. Sapp*, 211 F.3d 1268 (Table), 2000 WL 572067, *2 (6th Cir. 2000), to the effect that "the fact that [plaintiff] has been, and is being, treated precludes a finding of deliberate indifference." Apart from being an unpublished opinion with no precedential value, *Davis* affirmed the district court's dismissal of the complaint without any discussion of the specific facts that informed the lower court's decision. Moreover, to the extent that *Davis* endorsed a *per se* rule that affording *any* treatment, no matter how inadequate, precludes an Eighth Amendment claim, it is clearly inconsistent with the Sixth Circuit's later published decision in *Terrance v. Northville Regional Psychiatric Hosp*.

As I found in my previous Report and Recommendation [Doc. #69][4], "Following discovery, the claims against Defendant...may or may not survive a motion for summary judgment, and a jury might or might not find [liability] based on the evidence, but these very specific allegations–which, for purposes of this motion are assumed to be true–are sufficient to meet the pleading requirements of Rule 12(b)(6), as set forth in *Twombley* and *Iqbal*." Consistent with *Waldrop, Rogers* and *Terrance*, there are at this point too many unanswered questions as to the adequacy of Plaintiff's medical care, and whether Dr. LaHaye's actions (or failure to act) were consistent with the Eighth Amendment deliberate indifference standard. The answers to those questions require factual development through discovery. Hence, dismissal of this case under Rule 12(b)(6) is not

---

[4] This R&R dealt with a Motion to Dismiss [Doc. #23] brought by Defendants Corizon, Inc. (A/K/A Corizon Health, Inc.)("Corizon"), Suzanne B. Kirk, N.P., Joseph Burtch, M.D., Myan Z. Quayyum, M.D., and Sarah Hope Heebsh, P.A. The allegations against those Defendants were very similar to the allegations against Dr. LaHaye in ¶ 90. That R&R was adopted, and summary judgment denied, by District Judge Denise Page Hood. *See* Doc. #70.

appropriate.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant Paul LaHaye's Amended Motion to Dismiss [Doc. #53] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Date:  July 10, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 10, 2012.

s/Johnetta M. Curry-Williams
Case Manager