UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

    Plaintiff,                                        Case No. 11-12939
                                                     Honorable Denise Page Hood

v.

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
### and
### DENYING MOTIONS TO DISMISS

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation filed July 10, 2012 **[Doc. No. 86]** on Defendant Paul A. Lahaye's Motion to Dismiss **[Doc. No. 49]**, superceded by an Amended Motion to Dismiss **[Doc. No. 53]**.[1] On July 20, 2012, Defendant Lahaye filed a document entitled, "Response Stating Objections by Defendant Paul A. Lahaye, M.D., to Report and Recommendation of Magistrate Judge R. Steven Whalen Recommending Denial of Defendant's Amended Motion to Dismiss." **[Doc. No. 89]**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the

---

[1] Defendant Lahaye filed an Amended Motion to Dismiss on September October 6, 2011. Although Defendant Lahaye did not expressly withdraw his initial Motion to Dismiss, the Magistrate Judge found that the Amended Motion to Dismiss superceded Defendant Lahaye's previous Motion to Dismiss. (7/10/12 R&R, p. 1, n. 1)

Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.* In order to state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 102-03 (1976). Two factors must be established to state an Eighth Amendment claim under 42 U.S.C. § 1983: 1) the alleged deprivation is, objectively, "sufficiently serious"; and 2) the prison official acted with "deliberate indifference" to inmate health or safety. *Id.*

Defendant Lahaye generally objects to Magistrate Judge's Report and Recommendation asserting that contrary to the Magistrate Judge's findings, the allegations in the Amended Complaint are conclusory and not plausible. The Amended Complaint alleges that Plaintiff suffered severe lower back pain, radiating to his legs, back spasms, numbness and tingling of his legs, with the symptoms increasingly worsening, resulting in loss of strength and feeling in his right foot, and urinary pain and incontinence. (Am. Comp., ¶¶ 53, 58, 68, 73) These factual allegations assert a

2

serious medical need and objectively assert a "sufficiently serious" deprivation of Plaintiff's Eighth Amendment right.  As noted by the Magistrate Judge, the Amended Complaint in paragraph 90 specifically alleges that actions or inactions by Defendant Lahaye.  (R&R, pp. 2-3)  These factual allegations as to actions or inactions by Defendant Lahaye sufficiently assert that Defendant Lahaye acted with "deliberate indifference" to Plaintiff's health or safety.

After review of the Magistrate Judge's Report and Recommendation and the Objections filed to the Report and Recommendation, the Court finds that Magistrate Judge's findings and conclusions are correct.  The Court agrees with the Magistrate Judge that at the pleading stage, Plaintiff's Amended Complaint sufficiently states an Eighth Amendment claim upon which relief may be granted against Defendant Lahaye.  The Court further agrees with the Magistrate Judge that Plaintiff has sufficiently pled facts to support a plausible claim against Defendant Lahaye and that dismissal under Rule 12(b)(6) is not appropriate.  Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's July 10, 2012 Report and Recommendation [**No. 86**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Paul A. Lahaye's Motion to Dismiss **[No. 49, filed 10/4/2011]** and Amended Motion to Dismiss **[No. 53, filed 10/6/2011]** are DENIED.

Dated:  September 25, 2012          S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager

3