## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

TRENTON SILDACK, #255969,

            Plaintiff,                Case No: 2:11-cv-12939

v.                             Honorable: Denise Page Hood

                                      Magistrate Judge: R. Steven Whalen

CORIZON HEALTH, INC., et al,

            Defendants.

_____

THE MACKRAZ LAW OFFICE, P.C
Frederick E. Mackraz (P52623)
Attorney for Plaintiff
401 Hall Street, SW
Suite 134
Grand Rapids, MI 49503
(616) 235-4000
fred@mackrazlaw.com

STEPHEN L. GRIMM, P.C.
Stephen L. Grimm (P42215)
Co-Counsel for Plaintiff
330 Fulton St., E.
Grand Rapids, MI 49503
(616) 459-0220
steve@slgrimmpc.com


THE JUIP RICHTARCIK LAW FIRM
Randall A. Juip (P58538)
Brian J. Richtarcik (P49390)
Mark G. Reynolds (P72127)
Attorneys for Defendants
Correctional Medical Services, Inc.,
Suzanne Kirk, NP, Mian Qayyum, M.D.,
Joseph Burtch, M.D.
and Sara Hope Heebsh, P.A.
645 Griswold, Suite 3466
Detroit, MI  48226
(313) 859-5900
rajuip@thejrlawfirm.com
brichtarcik@thejrlawfirm.com
mjreynolds@thejrlawfirmpc.com

CHAPMAN AND ASSOCIATES, P.C.
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Attorneys for Defendants
Prison Health Services, Inc., Corizon
Health, Inc., Adam Edelman, M.D.,
Dr. Richard Miles, Mian Qayyum, M.D.,
Dr. Lizabeth Ralles, James Rocco, M.D.,
Suzanne Kirk, NP, Larry Sell, M.D.
Sarah Hope Heebsh, PA, Dr. Rebekah
Haggard, Dr. Sylvia McQueen,
Carl Keldie, M.D., Joseph Robert Burtch, D.O.
and Kim Mahler, D.O.
40950 Woodward Ave., Ste. 120
Bloomfield Hills, MI  48304
(248) 644-6326
rchapman@chapmanlawfirmpc.com
cvanthomme@chapmanlawfirmpc.com


Kevin M. Thom (P36178)
Attorney for Defendants
Gary Freytag, Donna Kovar, Donna
Quinlan, Cathy M. Pope, Mary Ann
Roose, Jeffrey C. Stieve, M.D.,
Carol R. Howes, Donna Croston, Tracie Hill
Jamie Monville, Jodi C. Nakata,
David Kihm and Valerie Bradshaw
Michigan Department Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021
thomk@michigan.gov

HALL MATSON, P.L.C.
Marcy R. Matson (P49758)
Attorney for Defendants
David Dubriwney, D.O.,
Lyle S. Mindlin, D.O. and
Michael A. Henderson, D.O.
1400 Abbot Rd., Suite 380
East Lansing, MI  48823
(517) 853-2929
mmatson@hallmatsonlaw.com

KITCH, DRUTCHAS, WAGNER,
CALITUTTI & SHERBROOK
Ralph F. Valitutti (P26128)
Susan Healy Zitterman (P33392)
Christina A. Doyle (P68778)
Ryan D. Ewles (P64647)
Attorneys for Defendant
Paul A. LaHaye, M.D.
10 South Main St., Suite 200
Mt. Clemens, MI 48043
(586) 463-9770
ralph.valitutti@kitch.com
sue.zitterman@kitch.com
christina.doyle@kitch.com
ryan.ewles@kitch.com

_____

## THE PHS DEFENDANTS' MOTION TO STRIKE TREATER WITNESSES OR FOR AN ORDER ALLOWING THEIR DEPOSITIONS

NOW COME the PHS Defendants, by and through their counsel, CHAPMAN AND ASSOCIATES, P.C., and for this Motion to Strike Treater Witnesses or for an Order Allowing their Depositions, state as follows:

1.      Plaintiff filed his Complaint in this matter on July 7, 2011 **[Dkt. No. 1]**, and an Amended Complaint on September 13, 2011 **[Dkt. No. 37]**.

2.      On July 9, 2012, the Court ordered Plaintiff to answer the PHS Defendants' discovery within 21 days **[Dkt. No. 82]**.

3.      Per the Court's Order dated July 9, 2012 **[Dkt. No. 82]**, the deadline for Plaintiff to serve his responses to **Dkt. No. 72-2** was July 30, 2012.

4.      Plaintiff failed to comply with the Court's Order dated July 9, 2012 **[Dkt. No. 82]**.

5.      The PHS Defendants filed a Motion to Dismiss as Discovery Sanction **[Dkt. No. 90]**.

2

6.      Plaintiff failed to file a response to the Motion to Dismiss as Discovery Sanction, and the Motion remains pending **[Dkt. No. 90]**.

7.      Subsequent to the filing of the PHS Defendants' Motion to Dismiss as Discovery Sanction, Plaintiff served untimely and inadequate responses to the ordered discovery. (**Exhibit A**).

8.      Plaintiff's counsel ignored PHS Defendants' counsel's request to supplement the discovery responses. (**Exhibit B**).

9.      Counsel for the PHS Defendants requested records from all of the medical treaters that Plaintiff identified in his untimely and inadequate discovery responses; however, due to the inexcusable delay caused by Plaintiff's violation of this Court's Order **[Dkt. No. 82]**, counsel has received only <u>some</u> of the treaters' records to date—and discovery ended on October 9, 2012.

10.     Defense counsel deposed Plaintiff on October 4, 2012.

11.     In his deposition, Plaintiff testified as to what he believes his treaters' opinions are regarding the care that he received in prison[1]. To adequately defend this matter, PHS Defendants must determine what Plaintiff's treaters' opinions are.

12.     Plaintiff further testified that he does not know whether he has retained or will retain any expert witnesses in this case.

13.     Plaintiff's answers to the PHS Defendants' Expert Interrogatories to Plaintiff were due to be served no later October 8, 2012. Counsel for the PHS Defendants has not received them to date. (**Exhibit C**).

---

[1] Plaintiff's deposition transcript is not yet available.

3

14.     On May 22, 2012, the PHS Defendants filed a Motion for Disclosure Order or Qualified Protective Order Pursuant to HIPAA **[Dkt. No. 78]**. Plaintiff did not file a response to the Motion. It remains pending.

15.     With discovery closed, and absent a Disclosure Order or Qualified Protective Order Pursuant to HIPAA, the PHS Defendants have no means of determining what Plaintiff's treaters' testimony might be in this case.

16.     Absent court intervention, the PHS Defendants will be prejudiced by Plaintiff's delays, violation of this Court's Order, and inadequate discovery responses **[Dkt. No. 82]**.

17.     Counsel for PHS Defendants sought concurrence with the relief requested herein prior to filing this Motion, but concurrence could not be obtained.

WHEREFORE, the PHS Defendants respectfully request that this Honorable Court grant this Motion and (1) enter an order striking Plaintiff's post-incarceration medical treaters as witnesses in this matter (including but not limited to: Charles Kershner, M.D.;  Jeffrey Kachmann, M.D.; Ann Michelle Webb, F.N.P.; representatives of Lutheran Hospital of Indiana; and representatives of Marion General Hospital); or in the alternative, (2) enter an order allowing the PHS Defendants to take the depositions of the medical treaters and extending the dispositive motion deadline until after such depositions are taken. Defendants further request that the Court award any and all such further and other relief as this Court deems just and equitable.

Respectfully submitted,
CHAPMAN AND ASSOCIATES, P.C.

Dated: October 11, 2012                    /s/Carly Van Thomme
                                           Ronald W. Chapman (P37603)
                                           Carly Van Thomme (P59706)
                                           Attorneys for the PHS Defendants
                                           40950 Woodward Ave., Ste. 120
                                           Bloomfield Hills, MI.  48304
                                           (248) 644-6326
                                           rchapman@chapmanlawfirmpc.com
                                           cvanthomme@chapmanlawfirmpc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

TRENTON SILDACK, #255969,

        Plaintiff,              Case No: 2:11-cv-12939

v.                              Honorable: Denise Page Hood

                                    Magistrate Judge: R. Steven Whalen

CORIZON HEALTH, INC., et al,

        Defendants.

---

THE MACKRAZ LAW OFFICE, P.C
Frederick E. Mackraz (P52623)
Attorney for Plaintiff
401 Hall Street, SW
Suite 134
Grand Rapids, MI 49503
(616) 235-4000
fred@mackrazlaw.com

STEPHEN L. GRIMM, P.C.
Stephen L. Grimm (P42215)
Co-Counsel for Plaintiff
330 Fulton St., E.
Grand Rapids, MI 49503
(616) 459-0220
steve@slgrimmpc.com

THE JUIP RICHTARCIK LAW FIRM
Randall A. Juip (P58538)
Brian J. Richtarcik (P49390)
Mark G. Reynolds (P72127)
Attorneys for Defendants
Correctional Medical Services, Inc.,
Suzanne Kirk, NP, Mian Qayyum, M.D.,
Joseph Burtch, M.D.
and Sara Hope Heebsh, P.A.
645 Griswold, Suite 3466
Detroit, MI 48226
(313) 859-5900
rajuip@thejrlawfirm.com
brichtarcik@thejrlawfirm.com
mjreynolds@thejrlawfirmpc.com

CHAPMAN AND ASSOCIATES, P.C.
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Attorneys for Defendants
Prison Health Services, Inc., Corizon
Health, Inc., Adam Edelman, M.D.,
Dr. Richard Miles, Mian Qayyum, M.D.,
Dr. Lizabeth Ralles, James Rocco, M.D.,
Suzanne Kirk, NP, Larry Sell, M.D.
Sarah Hope Heebsh, PA, Dr. Rebekah
Haggard, Dr. Sylvia McQueen,
Carl Keldie, M.D., Joseph Robert Burtch, D.O.
and Kim Mahler, D.O.
40950 Woodward Ave., Ste. 120
Bloomfield Hills, MI 48304
(248) 644-6326
rchapman@chapmanlawfirmpc.com
cvanthomme@chapmanlawfirmpc.com

Kevin M. Thom (P36178)
Attorney for Defendants
Gary Freytag, Donna Kovar, Donna
Quinlan, Cathy M. Pope, Mary Ann
Roose, Jeffrey C. Stieve, M.D.,
Carol R. Howes, Donna Croston, Tracie Hill
Jamie Monville, Jodi C. Nakata,
David Kihm and Valerie Bradshaw
Michigan Department Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
thomk@michigan.gov

HALL MATSON, P.L.C.
Marcy R. Matson (P49758)
Attorney for Defendants
David Dubriwney, D.O.,
Lyle S. Mindlin, D.O. and
Michael A. Henderson, D.O.
1400 Abbot Rd., Suite 380
East Lansing, MI  48823
(517) 853-2929
mmatson@hallmatsonlaw.com

KITCH, DRUTCHAS, WAGNER,
CALITUTTI & SHERBROOK
Ralph F. Valitutti (P26128)
Susan Healy Zitterman (P33392)
Christina A. Doyle (P68778)
Ryan D. Ewles (P64647)
Attorneys for Defendant
Paul A. LaHaye, M.D.
10 South Main St., Suite 200
Mt. Clemens, MI 48043
(586) 463-9770
ralph.valitutti@kitch.com
sue.zitterman@kitch.com
christina.doyle@kitch.com
ryan.ewles@kitch.com

_____

## BRIEF IN SUPPORT OF THE PHS DEFENDANTS' MOTION TO STRIKE TREATER WITNESSES OR FOR AN ORDER ALLOWING THEIR DEPOSITIONS

## PROOF OF SERVICE

ii

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES...................................................................................................... iv

INDEX OF EXHIBITS .............................................................................................................v

STATEMENT OF ISSUES PRESENTED.................................................................... vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........................... vii

STATEMENT OF FACTS ........................................................................................... 1

LEGAL STANDARD................................................................................................................2

LEGAL ARGUMENT...............................................................................................................2

CONCLUSION.........................................................................................................................3

## <u>INDEX OF AUTHORITIES</u>

<u>C</u>ASES                                                                                                    <u>P</u>AGE

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43; 96 S.Ct. 2778; 49 L.Ed.2d 747 (1976)…………………………………...…………………………………….…vii, 2

<u>F</u>EDERAL <u>R</u>ULES OF <u>C</u>IVIL <u>P</u>ROCEDURE

Fed. R. Civ. P. 37(b)(2)(A)(v) ............................................................................................. vii, 2, 3

iv

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A**   Plaintiff's Untimely and Inadequate Answers to the PHS Defendants' Discovery Requests

**EXHIBIT B**   PHS Defendants' Counsel's Request for Supplemental Answers to Discovery Requests

**EXHIBIT C**   PHS Defendants' Expert Interrogatories to Plaintiff

## <u>STATEMENT OF ISSUES PRESENTED</u>

WHETHER, AS A DISCOVERY SANCTION, THE COURT
SHOULD STRIKE PLAINTIFF'S POST-INCARCERATION
MEDICAL TREATERS AS WITNESSES <u>OR</u> IN THE
ALTERNATIVE, WHETHER THE COURT SHOULD ALLOW
DEFENDANTS TO DEPOSE THEM AFTER THE CLOSE OF
DISCOVERY.

Defendants Answer:                                    YES.
Plaintiff Answers:                                    NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

Fed. R. Civ. P. 37(b)(2)(A)(v) provides that a Court may dismiss an "action or proceeding in whole or in part" when a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37 also provides for lesser sanctions in the event that the Court chooses not to dismiss.

The rationale behind the Court's power to impose severe sanctions against a non-complying party under Rule 37 is not merely to penalize, but to act as a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43; 96 S.Ct. 2778; 49 L.Ed.2d 747 (1976).

## STATEMENT OF RELEVANT FACTS

Plaintiff filed his Complaint in this matter on July 7, 2011 **[Dkt. No. 1]**, and an Amended Complaint on September 13, 2011 **[Dkt. No. 37]**. On July 9, 2012, the Court ordered Plaintiff to answer the PHS Defendants' discovery within 21 days **[Dkt. No. 82]**. Per the Court's Order dated July 9, 2012 **[Dkt. No. 82]**, the deadline for Plaintiff to serve his responses to **Dkt. No. 72-2** was July 30, 2012. Plaintiff failed to comply with the Court's Order dated July 9, 2012 **[Dkt. No. 82]**. The PHS Defendants filed a Motion to Dismiss as Discovery Sanction **[Dkt. No. 90]**. Plaintiff failed to file a response to the Motion to Dismiss as Discovery Sanction, and the Motion remains pending **[Dkt. No. 90]**.

Subsequent to the filing of the PHS Defendants' Motion to Dismiss as Discovery Sanction, Plaintiff served untimely and inadequate responses to the ordered discovery. (**Exhibit A**). Plaintiff's counsel ignored PHS Defendants' counsel's request to supplement the discovery responses. (**Exhibit B**). Counsel for the PHS Defendants requested records from all of the medical treaters that Plaintiff identified in his untimely and inadequate discovery responses; however, due to the inexcusable delay caused by Plaintiff's violation of this Court's Order **[Dkt. No. 82]**, counsel has received only <u>some</u> of the treaters' records to date—and discovery ended on October 9, 2012.

Defense counsel deposed Plaintiff on October 4, 2012. In his deposition, Plaintiff testified as to what he believes his treaters' opinions are regarding the care that he received in prison[2]. To adequately defend this matter, PHS Defendants must determine what Plaintiff's treaters' opinions are. Plaintiff further testified that he does not know whether he has retained or will retain any expert witnesses in this case. Plaintiff's answers to the PHS Defendants' Expert

---

[2] Plaintiff's deposition transcript is not yet available.

Interrogatories to Plaintiff were due to be served no later October 8, 2012. Counsel for the PHS Defendants has not received them to date. (**Exhibit C**).

On May 22, 2012, the PHS Defendants filed a Motion for Disclosure Order or Qualified Protective Order Pursuant to HIPAA **[Dkt. No. 78]**. Plaintiff did not file a response to the Motion. It remains pending. With discovery closed, and absent a Disclosure Order or Qualified Protective Order Pursuant to HIPAA, the PHS Defendants have no means of determining what Plaintiff's treaters' testimony might be in this case. Absent court intervention, the PHS Defendants will be prejudiced by Plaintiff's delays, violation of this Court's Order, and inadequate discovery responses **[Dkt. No. 82]**.

Counsel for PHS Defendants sought concurrence with the relief requested herein prior to filing this Motion, but concurrence could not be obtained.

## LEGAL STANDARD

Fed. R. Civ. P. 37(b)(2)(A)(v) provides that a Court may dismiss an "action or proceeding in whole or in part" when a party fails to obey an order to provide discovery.

The rationale behind the Court's power to impose severe sanctions against a non-complying party under Rule 37 is not merely to penalize, but to act as a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43; 96 S.Ct. 2778; 49 L.Ed.2d 747 (1976).

## LEGAL ARGUMENT

Dismissal with prejudice of Plaintiff's claims against the PHS Defendants as a discovery sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) is <u>more</u> than justified. *See also National Hockey League v. Metropolitan Hockey Club, Inc.* at 642-43. However, in the event that the Court chooses not to grant the PHS Defendants' Motion to Dismiss as Discovery Sanction **[Dkt.**

**No. 90]**, PHS Defendants request that the Court at least provide the lesser relief sought in this Motion, which also would serve as an appropriate sanction pursuant to Fed. R. Civ. P. 37.

As the result of Plaintiff's delays, violation of this Court's Order **[Dkt. No. 82]**, and untimely and inadequate discovery responses, the PHS Defendants have been prejudiced: Discovery has ended, and dispositive motions are due on November 9, 2012, yet Defendants (through no fault or delay of their own) still do not have all of Plaintiff's treaters' records in their possession, nor do they know what those treaters' testimony in this case might be, nor do they know whether Plaintiff has retained any expert witnesses. Due process and justice require that the Court intervene to rectify this prejudicial situation that Plaintiff has created.

## CONCLUSION

Plaintiff's shocking disregard for the Order of this Court **[Dkt. No. 82]** and for the Federal Rules of Civil Procedure regarding discovery warrant dismissal with prejudice of the entirety of Plaintiff's claims against the PHS Defendants. However, in the event that this Court chooses not to dismiss, the PHS Defendants request that this Motion at least be granted.

WHEREFORE, the PHS Defendants respectfully request that this Honorable Court grant this Motion and (1) enter an order striking Plaintiff's post-incarceration medical treaters (including but not limited to: Charles Kershner, M.D.;  Jeffrey Kachmann, M.D.; Ann Michelle Webb, F.N.P.; representatives of Lutheran Hospital of Indiana; and representatives of Marion General Hospital) as witnesses in this matter; or in the alternative, (2) enter an order allowing the PHS Defendants to take the depositions of the medical treaters and extending the dispositive motion deadline until after such depositions are taken. Defendants further request that the Court award any and all such further and other relief as this Court deems just and equitable.

Respectfully submitted,
CHAPMAN AND ASSOCIATES, P.C.

Dated: October 11, 2012                     /s/Carly Van Thomme
                                            Ronald W. Chapman (P37603)
                                            Carly Van Thomme (P59706)
                                            Attorneys for the PHS Defendants
                                            40950 Woodward Ave., Ste. 120
                                            Bloomfield Hills, MI.  48304
                                            (248) 644-6326
                                            rchapman@chapmanlawfirmpc.com
                                            cvanthomme@chapmanlawfirmpc.com


## PROOF OF SERVICE

I hereby certify that on October 11, 2012, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

                                            /s/Carly Van Thomme
                                            Ronald W. Chapman (P37603)
                                            Carly Van Thomme (P59706)
                                            Attorneys for the PHS Defendants
                                            40950 Woodward Ave., Ste. 120
                                            Bloomfield Hills, MI.  48304
                                            (248) 644-6326
                                            rchapman@chapmanlawfirmpc.com
                                            cvanthomme@chapmanlawfirmpc.com