UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

    Plaintiff,

v.

CORIZON HEALTH INC., a Delaware Corporation,
PRISON HEALTH SERVICES, INC., a Delaware Corporation
CORRECTIONAL MEDICAL SERVICES, INC., a Missouri Corporation, SARAH HOPE HESSBSH, SUSANNE B. KIRK, ANNETTE D. MILLER,
DONNA J. CROSTON, GARY L. BAKER, DIANE M. SCHARZ, PHILLIP A. RUEDE, JODI C. NAKATA, MIAN Z. QAYYUM, MD, VALERIE BRADSHAW, MARTHA J. MURPHY, CHRISTINE L. STEWART, NELDA PULA, BARRY D. DAVIS, GARY R. FREYTAG, DONNA M. KOVAR, WILLIAM A. WARREN, MD., DAVID J. KIHM, LARRY J. SELL, MD, DONNA QUINLAN, CATHY M. POPE, REBEKAH M. HAGGARD, MD, JOSEPH R. BURTCH, MD, MARY ANN ROOSE, TRACIE E. HILL, LIZABETH RALLES, MD,
KIM MAHLER, DO, JAMES ROCCO, MD, PAUL A. LAHAYE, MD, HARESH B. PANDYA, MD, JAMIE MONVILLE, ADAM ELDEMAN, MD, SYLVIA McQUEEN, MD, CARL J. KELDIE, MD, RICHARD MILES, MD, JEFFREY C. STIEVE, MD, CAROL R. HOWES, and JOHN DOE, jointly and severally,

    Defendants.
_____/

Case No.: USDC Case No. 11-cv-12939
Hon. Denise Page Hood

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue
Ste 2400
Detroit MI 48226-5485
(313) 965-7900

| | |
|---|---|
| FREDERICK E. MACKRAZ (P52623)<br>The Mackraz Law Office, PC<br>Counsel for Plaintiff<br>401 Hall Street, SW, Suite 134<br>Grand Rapids, MI 49503<br>(616) 235-4000<br><br>STEPHEN L. GRIMM (P42215)<br>Stephen L. Grimm, PC<br>Co-Counsel for Plaintiff<br>330 Fulton Street, E<br>Grand Rapids, MI 49503<br>(616) 459-0220<br><br>BRIAN J. RICHTARCIK (P49390)<br>RANDALL A. JUIP (P58538)<br>MARK G. REYNOLDS (P72127)<br>The Juip Richtarcik Law Firm<br>Attorney for Corizon, Inc. f/k/a Correctional Medical Services, Inc.,<br>Sarah Hope Heebsh, Suzanne B. Kirk, Mian Z. Qayyum, M.D., and Joseph R. Burtch, M.D.,<br>645 Griswold, Suite 3466<br>Detroit, MI 48226<br>313-859-5900<br><br>RALPH F. VALITUTTI (P26128)<br>SUSAN HEALY ZITTERMAN (P33392)<br>CHRISTINA A. DOYLE (P68778)<br>Kitch Drutchas Wagner Valitutti & Sherbrook<br>Attorney for Paul A. Lahaye, M.D.<br>10 S. Main Street, Suite 200<br>Mt. Clemens, MI 48043<br>586-493-4455 | RONALD W. CHAPMAN (P37603)<br>Chapman & Associates, P.C.<br>Attorney for Corizon Health, Inc., Prison Health Services, Inc., Sarah Hope Heebsh, Suzanne B. Kirk, Mian Z Qayyum, M.D., Larry J. Sell, M.D., Joseph R. Burtch, M.D., Adam Edelman, M.D., Sylvia McQueen, M.D., Richard Miles, M.D., Rebekah M. Haggard, M.D., Lizebeth Ralles, M.D., Kim Mahler, D.O., James Rocco, M.D. and Carl J. Keldie, M.D.<br>40950 N, Woodward Avenue, Suite 120<br>Bloomfield Hills, MI 48304<br>248-644-6326<br><br>KEVIN M. THOM (P36178)<br>Assistant Attorney General<br>Corrections Division<br>Attorney for Annette D. Miller, Donna J. Croston, Gary L. Baker, Diane M. Scharz, Phillip A. Ruede, Jodi C. Nakata, Valerie Bradshaw, Martha J. Murphy, Christine L. Stewart, Nelda Pula, Barry D. Davis, Gary R. Freytag, Donna M. Kovar, William A. Warren, M.D., David J. Kihm, Donna Quinlan, Cathy M. Pope, Mary Ann Roose, Tracie E. Hill, Haresh B. Pandya, Jamie Monville, Jeffrey C. Stieve, M.D., and Carol R. Howes<br>P.O. Box 30217<br>Lansing, MI 48909<br>517-335-7021 |

_____/

**MOTION FOR SUMMARY JUDGMENT
BY DEFENDANT PAUL A. LaHAYE, M.D.,
<u>BRIEF IN SUPPORT AND CERTIFICATE OF SERVICE</u>**

NOW COMES the defendant Paul A. LaHaye, M.D., by and through his attorneys KITCH DRUTCH WAGNER VALITUTTI & SHERBROOK, and for his Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 states as follows:

1. Plaintiff has purported to assert a claim against Dr. LaHaye under 42 U.S.C. §1983 for deliberate indifference in providing medical care to plaintiff, while a prisoner, in violation of the Eighth Amendment.

2. For the reasons set forth in the accompanying brief, summary judgment should be granted where plaintiff cannot create a genuine issue of material fact that Dr. LaHaye was deliberately indifferent to a serious medical need and acted with reckless disregard for the safety and health of plaintiff.

3. Pursuant to L.R. 7.1, there were multiple conferences between attorneys in which the movant explained the nature of this motion and its legal basis and relief requested, but did not obtain concurrence in the relief sought.

WHEREFORE, defendant Paul A. LaHaye, M.D., respectfully requests that this Honorable Court grant his Motion for Summary Judgment and dismiss this matter with prejudice and grant costs pursuant to 28 U.S.C. § 1920.

Respectfully submitted,

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

By: /s/ Christina A. Doyle
RALPH F. VALITUTTI (P26128)
SUSAN HEALY ZITTERMAN (P33392)
CHRISTINA A. DOYLE (P68778)
Attorneys for Paul A. LaHaye, M.D.
10 S. Main Street, Suite 200
Mt. Clemens, MI 48043-7903
(586) 463-9770
ralph.valitutti@kitch.com
sue.zitterman@kitch.com
christina.doyle@kitch.com

Dated: November 7, 2012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

    Plaintiff,

v.

CORIZON HEALTH INC., a Delaware
Corporation,
PRISON HEALTH SERVICES, INC., a Delaware
Corporation
CORRECTIONAL MEDICAL SERVICES, INC.,
a Missouri Corporation, SARAH HOPE
HESSBSH, SUSANNE B. KIRK, ANNETTE D.
MILLER,
DONNA J. CROSTON, GARY L. BAKER,
DIANE M. SCHARZ, PHILLIP A. RUEDE,
JODI C. NAKATA, MIAN Z. QAYYUM, MD,
VALERIE BRADSHAW, MARTHA J. MURPHY,
CHRISTINE L. STEWART, NELDA PULA,
BARRY D. DAVIS, GARY R. FREYTAG,
DONNA M. KOVAR, WILLIAM A. WARREN,
MD., DAVID J. KIHM, LARRY J. SELL, MD,
DONNA QUINLAN, CATHY M. POPE,
REBEKAH M. HAGGARD, MD, JOSEPH R.
BURTCH, MD, MARY ANN ROOSE, TRACIE E.
HILL, LIZABETH RALLES, MD,
KIM MAHLER, DO, JAMES ROCCO, MD, PAUL
A. LAHAYE, MD, HARESH B. PANDYA, MD,
JAMIE MONVILLE, ADAM ELDEMAN, MD,
SYLVIA McQUEEN, MD, CARL J. KELDIE, MD,
RICHARD MILES, MD, JEFFREY C. STIEVE,
MD, CAROL R. HOWES, and JOHN DOE,
jointly and severally,

    Defendants.

Case No.: USDC Case No. 11-cv-12939
Hon. Denise Page Hood

_____/

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT LAW
ONE WOODWARD AVENUE
STE 2400
DETROIT MI 48226-5485

(313) 963-7900

## TABLE OF CONTENTS

CONTROLLING AUTHORITY ................................................................................. ii

CONCISE STATEMENT OF ISSUES PRESENTED ................................................ iii

FACTUAL OVERVIEW ............................................................................................ 1

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE......................................... 3

STANDARD OF REVIEW ......................................................................................... 5

ARGUMENT

    I. SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S CLAIM AGAINST DR. LaHAYE ALLEGING A VIOLATION OF 42 U.S.C. §1983 WHERE PLAINTIFF CANNOT CREATE A GENUINE ISSUE OF MATERIAL FACT THAT DR. LaHAYE WAS DELIBERATELY INDIFFERENT TO A SERIOUS MEDICAL NEED AND ACTED WITH RECKLESS DISREGARD FOR THE SAFETY AND HEALTH OF PLAINTIFF ................................................................................. 5

        A    Elements Of A Deliberate Indifference Claim By A Prisoner.......................................................................................... 6

        B.    Plaintiff Cannot Establish That Dr. LaHaye Was Deliberately Indifferent To Mr. Sildack's Serious Medical Needs Or That Dr. LaHaye Acted With Reckless Disregard For The Safety And Health Of Mr. Sildack. ........... 8

RELIEF REQUESTED............................................................................................. 11

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

## CONTROLLING AUTHORITY

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986) ...................................... 5

*Berryman v. Rieger*
150 F.3d 561 (6th Cir. 1998) ..................................................................................... 8

*Blackmore v. Kalamazoo County*
390 F.3d 890 (6th Cir. 2004) ..................................................................................... 6

*Bloch v. Ribar*
56 F.3d 673 (6th Cir. 1998) ....................................................................................... 6

*Celotex Corp. v. Catrett*
477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ...................................... 5

*Estelle v. Gamble*
429 U.S. 97; 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) ............................................... 6, 7

*Farmer v. Brennan*
511 U.S. 825 (1994) ............................................................................................... 6, 7

*Hudson v. McMillian*
503 U.S. 1; 112 S. Ct. 995, 117 L.Ed.2d 156 (1992) .................................................. 6

*Johnson v. Karnes*
398 F.3d 868 (6th Cir. 2005) ................................................................................ 7, 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp..*
475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ...................................... 5

*Perez v. Oakland County*
466 F.3d 416 (6th Cir. 2006) ..................................................................................... 8

*Sanderfer v. Nichols*
62 F.3d 151 (6th Cir.1995) ........................................................................................ 6

*Westlake v. Lucas*
537 F.2d 857 (6th Cir. 1976) ................................................................................. 7, 8

*Williams v. Mehra*
186 F.3d 685 (6th Cir.1999) ...................................................................................... 8

42 U.S.C. §1983 ..................................................................................................... 5, 6

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS & COUNSELORS AT LAW
1 WOODWARD AVENUE
SUITE 2400
Detroit, MI 48226-5485

(313) 965-7900

## CONCISE STATEMENT OF ISSUES PRESENTED

**WHETHER PLAINTIFF HAS ESTABLISHED A GENUINE ISSUE OF MATERIAL FACT THAT DR. LaHAYE WAS DELIBERATELY INDIFFERENT TO A SERIOUS MEDICAL NEED AND ACTED WITH RECKLESS DISREGARD FOR THE SAFETY AND HEALTH OF PLAINTIFF?**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

## FACTUAL OVERVIEW

Plaintiff has filed a complaint attempting to assert against a multitude of defendants a claim under 43 U.S.C.§ 1983 for deliberate indifference in providing medical care to plaintiff, while a prisoner, in violation of the Eighth Amendment. (Complaint attached as Exhibit A for demonstrative purposes.)

Plaintiff alleges that after injuring his back lifting cement, and while at several different correctional facilities from July 7, 2008, to January 25, 2011, he "experienced increasingly worsening symptoms including but not limited to severe lower back pain, pain radiating to his legs, back spasms, numbness and tingling in his legs," (Exhibit A, Complaint, ¶¶ 52, 57, 62), and, in addition, "loss of strength and feeling in his right foot, and urinary pain and incontinence." (¶¶ 67, 72). Plaintiff has named 44 defendants, most of whom are physicians who provided treatment during that time. Plaintiff has asserted in conclusory terms that he "repeatedly requested appropriate medical care and treatment," (e.g., complaint, ¶ 73, emphasis added), but all 44 defendants were "deliberately indifferent to a serious medical need and acted with reckless disregard for the safety and health of TRENTON SILDACK and similarly situated patients." (Complaint, ¶ 83.)

However, at deposition, plaintiff testified that he liked Dr. LaHaye, and Dr. LaHaye discussed treatment options with him. (Exhibit B, Deposition Testimony of Trenton Sildack, page 95.) He further testified that Dr. LaHaye performed tests on his arm, foot and reflexes. Dr. LaHaye indicated that Mr. Sildack might need surgery, but he was going to recommend steroid injections for conservative treatment first. (Sildack Testimony, page 99.) Dr. LaHaye explained his thoughts on Mr. Sildack's condition in

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

1

detail, and he explained the pros and cons of the treatment he was suggesting. (Sildack Testimony, pages 99-100.) Mr. Sildack testified that when he left Dr. LaHaye's office, he had an understanding of the treatment plan, **was pleased with it, and was happy with the examination/evaluation that Dr. LaHaye performed**. (Sildack Testimony, pages 101-102.) **He further testified that Dr. LaHaye did not refuse to treat him, and he was happy with Dr. LaHaye.** (Sildack Testimony, pages 104-105.)

Defendant Dr. LaHaye now moves for summary judgment, as plaintiff has failed to establish that Dr. LaHaye was deliberately indifferent to a serious medical need and acted with disregard for the safety and health of plaintiff.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

2

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Defendant, Dr. LaHaye, is a licensed medical doctor who undertook to render professional services to Mr. Sildack. (Complaint, ¶ 74.)

2. Dr. LaHaye was asked to provide a neurosurgical consultation by Larry J. Sell, M.D. for Trenton Sildack. (Exhibit C, Affidavit of Dr. LaHaye, ¶ 2.)

3. Dr. LaHaye's neurosurgical examination of Trenton Sildack took place on September 9, 2009. (LaHaye Affidavit, ¶ 3.)

4. Dr. LaHaye reviewed Mr. Sildack's MRI with Mr. Sildack, explaining that he was going to recommend steroid injections and a possibly surgery. (Sildack Testimony, pages 68, 99-100; LaHaye Affidavit and Attachment to Affidavit.)

5. Dr. LaHaye performed a physical examination on Mr. Sildack, including a neurological and motor evaluation. (Sildack Testimony, page 92; LaHaye Affidavit and Attachment to Affidavit.)

6. Dr. LaHaye wrote a report to Larry Sell, M.D., regarding his findings and recommendations, completing his consult on Mr. Sildack's case. (LaHaye Affidavit, ¶ 7.)

7. Dr. LaHaye recommended lumbar ESI (epidural steroid injections) and a cervical MRI scan, indicating he would like to see Mr. Sildack after that was accomplished. (LaHaye Affidavit and Attachment to Affidavit.)

8. After seeing Dr. LaHaye, Mr. Sildack did speak with Dr. Sell about the visit with Dr. LaHaye. (Sildack Testimony, pages 97-98.)

9. Dr. LaHaye had no further involvement in Mr. Sildack's care. (LaHaye Affidavit, ¶ 10; Sildack testimony, page 95.)

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
St 1e 2400
Detroit, MI 48226-5465
(313) 965-7900

3

10. Mr. Sildack testified that he had an understanding of the treatment plan when he left Dr. LaHaye and he was pleased with that treatment plan. (Sildack Testimony, pages 101-102.)

11. Mr. Sildack further testified that he was happy with the examinations and evaluations performed by Dr. LaHaye, and Dr. LaHaye had listened to Mr. Sildack's report of his symptoms. (Sildack Testimony, pages 102, 105.)

12. The consultation with Dr. LaHaye lasted approximately 30 minutes. (Sildack Testimony, page 102.)

13. Plaintiff has listed only one expert in neurosurgery, Defendant, Paul LaHaye, M.D., and it is Dr. LaHaye's opinion that he complied with, at all times, all of his legal duties to Mr. Sildack as a consulting neurosurgeon. (Exhibit D, Plaintiff's Answers to Defendants' Expert Interrogatories; LaHaye Affidavit, ¶ 11.)

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS & COUNSELORS AT LAW
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

4

## STANDARD OF REVIEW

Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the court must view the factual evidence in the light most favorable to the non-moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial. *Celotex*, at 322-23. The non-moving party may not rest on its pleadings, but must come forward with evidence from which a rational trier of fact could find in its favor. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252.

## ARGUMENT

I. **SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S CLAIM AGAINST DR. LaHAYE ALLEGING A VIOLATION OF 42 U.S.C. §1983 WHERE PLAINTIFF CANNOT CREATE A GENUINE ISSUE OF MATERIAL FACT THAT DR. LaHAYE WAS DELIBERATELY INDIFFERENT TO A SERIOUS MEDICAL NEED AND ACTED WITH RECKLESS DISREGARD FOR THE SAFETY AND HEALTH OF PLAINTIFF.**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

Summary judgment should be granted as to plaintiff's claim against Dr. LaHaye, alleging a violation of 42 U.S.C. § 1983, where plaintiff cannot create a genuine issue of material fact that Dr. LaHaye was deliberately indifferent to a serious medical need and acted with reckless disregard for the safety and health of plaintiff.

### A. Elements Of A Deliberate Indifference Claim By A Prisoner.

A claim under 42 U.S.C. §1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). The constitutional right asserted here, the Eighth Amendment, "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976)). The Eighth Amendment prohibition on cruel and unusual punishment does not protect against every unnecessary deprivation suffered by a prisoner, but rather "only that narrow class of deprivations involving 'serious' injury inflicted by state actors acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 20, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992).

A viable Eighth Amendment claim includes both objective and subjective components: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the defendant prison official must have a "sufficiently culpable state of mind." See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second, subjective component requires the plaintiff to show that the defendants acted with deliberate indifference or recklessness, i.e., with more than mere negligence. See *Id.* at 835-36; *Sanderfer v.*

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

6

*Nichols*, 62 F.3d 151, 154 (6th Cir.1995). To establish the second component, plaintiff must show that the defendant: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. *Farmer v. Brennan, supra, Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

In *Johnson, supra* at 875, the Court stated:

> To satisfy the subjective component of the adequate medical care test, an inmate must demonstrate that the official in question "subjectively perceived a risk of harm and then disregarded it." This is the deliberate indifference standard. (Internal citations omitted.)

The Court continued:

> **Accordingly, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."** *Id.* (Internal citations omitted) (Emphasis added.)

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. [*Estelle*, 429 U.S. at 105-06 (quotations omitted).]

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue
Suite 2400
Detroit MI 48226-5485
(313) 965-7900

7

received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake, supra*; see also *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

As the Sixth Circuit Court of Appeals sitting en banc explained in *Williams v. Mehra*, 186 F.3d 685, 692 (6th Cir.1999) "[T]he standard is not whether there is something easy that the doctors, with the benefit of hindsight, could have done. It is whether they knew of and disregarded an *excessive* risk to inmate health or safety." (internal quotation marks and brackets omitted; emphasis in original). In these types of cases, the prisoner must allege and ultimately prove that he received "grossly inadequate care" in the face of "a decision to take an easier but less efficacious course of treatment." *Perez, supra* at 424 (6th Cir.2006) (citation omitted).

**B.     Plaintiff Cannot Establish That Dr. LaHaye Was Deliberately Indifferent To Mr. Sildack's Serious Medical Needs Or That Dr. LaHaye Acted With Reckless Disregard For The Safety And Health Of Mr. Sildack.**

Plaintiff alleges that from July 7, 2008, to January 25, 2011, after injuring his back lifting cement and while at several different correctional facilities, he "experienced increasingly worsening symptoms including but not limited to severe lower back pain, pain radiating to his legs, back spasms, numbness and tingling in his legs" (Complaint, ¶¶ 52, 57, 62), and, in addition, "loss of strength and feeling in his right foot, and urinary pain and incontinence." (¶¶ 67, 72). Plaintiff has named 44 defendants, most of whom are physicians who provided treatment during that time. Plaintiff has asserted

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

in conclusory terms that he "repeatedly requested appropriate medical care and treatment," (e.g., complaint, ¶ 73, emphasis added), but all 44 defendants were "deliberately indifferent to a serious medical need and acted with reckless disregard for the safety and health of TRENTON SILDACK and similarly situated patients." (Complaint, ¶ 83.)

The only arguably more specific allegations against Dr. LaHaye are in paragraph 88(a-g). Plaintiff there alleges that Dr. LaHaye, and 13 other physicians, omitted to perform unidentified "appropriate" tests or examinations, to provide unidentified "appropriate" medical care, or to make "appropriate" referrals to other unidentified specialists. Plaintiff alleged that these defendants' "deliberate indifference" includes:

    a.    Failing to order and conduct timely and appropriate examinations and/or evaluations;

    b.    Failing to timely and appropriately record and evaluate medical history, complaints, symptoms, and findings;

    c.    Failing to provide timely and appropriate appointments and referrals for appropriate medical testing, including but not limited to MRI testing;

    d.    Failing to timely and properly analyze and interpret the results for examinations and testing;

    e.    Failing to appropriately notify subsequent treating doctors and consulting physicians of medical history, complaints, symptoms and findings;

    f.    Failing to provide timely and appropriate appointments and/or referrals to consulting doctors and specialists, including but not limited to a neurologist and/or neurosurgeon; and

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors At Law
One Woodward Avenue
Ste 2400
Detroit, MI 48226-5485
(313) 965-7900

9

    g.    Otherwise failing to provide timely and appropriate medical care and treatment, including but not limited providing medical care and treatment as ordered by consulting doctors and specialist. [Complaint, ¶¶88(a-g).]

Mr. Sildack's testimony and the evidence in this case is inconsistent with all of these allegations against Dr. LaHaye. As indicated above, the evidence establishes that plaintiff received medical treatment from Dr. LaHaye. In a consultation lasting approximately 30 minutes (Sildack Testimony, page 102), Dr. LaHaye reviewed Mr. Sildack's MRI and performed a physical examination on Mr. Sildack, including a neurological and motor evaluation. (Sildack Testimony, page 92; LaHaye Affidavit.) Following that, Dr. LaHaye reported his recommendations to the plaintiff, as well as to the referring physician, Dr. Sell. (Sildack Testimony, pages 68, 99-100; LaHaye Affidavit, ¶ 7.) Mr. Sildack then discussed the visit to Dr. LaHaye with Dr. Sell. (Sildack Testimony, pages 97-98.) Mr. Sildack testified that he felt that Dr. LaHaye had listened to his complaints, and he was happy with Dr. LaHaye's treatment and Dr. LaHaye's recommendations. (Sildack Testimony, pages 102, 105.) Based upon this evidence, plaintiff simply cannot establish that Dr. LaHaye consciously disregarded a risk to Mr. Sildack's health. The evidence is clear that Dr. LaHaye completed his consultation and recommended a plan of treatment.

Furthermore, plaintiff listed only one expert in neurosurgery – Dr. LaHaye. (Plaintiff's Answers to Expert Interrogatories). It is Dr. LaHaye's opinion that he complied with all of his legal duties to Mr. Sildack as a consulting neurosurgeon. (LaHaye Affidavit, ¶ 11.) As Plaintiff is stipulating to Dr. LaHaye's expertise, and relying upon that expertise, Plaintiff will be unable to prove any gross negligence as to Dr. LaHaye.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

In case such as this, where Dr. LaHaye provided the consultation at the request of Dr. Sell, examined Mr. Sildack, discussed recommendations for a plan of treatment with Mr. Sildack and Dr. Sell, Dr. LaHaye did not display a deliberate indifference to Mr. Sildack's medical needs.  See *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

### RELIEF REQUESTED

WHEREFORE, defendant Paul A. LaHaye, M.D., respectfully requests that this Honorable Court grant his Motion for Summary Judgment, and dismiss this matter with prejudice and grant costs pursuant to 28 U.S.C. § 1920.

Respectfully submitted,

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK


By: /s/ *Christina A. Doyle*
RALPH F. VALITUTTI (P26128)
SUSAN HEALY ZITTERMAN (P33392)
CHRISTINA A. DOYLE (P68778)
Attorneys for Paul A. LaHaye, MD
10 S. Main Street, Suite 200
Mt. Clemens, MI 48043-7903
(586) 463-9770
ralph.valitutti@kitch.com
sue.zitterman@kitch.com
christina.doyle@kitch.com

Dated:  November 7, 2012

KITCH DRUTCHAS
WAGNER VALITUTTI &
SHERBROOK
ATTORNEYS & COUNSELORS AT LAW
ONE WOODWARD AVENUE
SUITE 2400
DETROIT, MI 48226-5485
(313) 965-7900

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

    Plaintiff,

v.

CORIZON HEALTH INC., a Delaware
Corporation,
PRISON HEALTH SERVICES, INC., a Delaware
Corporation
CORRECTIONAL MEDICAL SERVICES, INC.,
a Missouri Corporation, SARAH HOPE
HESSBSH, SUSANNE B. KIRK, ANNETTE D.
MILLER,
DONNA J. CROSTON, GARY L. BAKER,
DIANE M. SCHARZ, PHILLIP A. RUEDE,
JODI C. NAKATA, MIAN Z. QAYYUM, MD,
VALERIE BRADSHAW, MARTHA J. MURPHY,
CHRISTINE L. STEWART, NELDA PULA,
BARRY D. DAVIS, GARY R. FREYTAG,
DONNA M. KOVAR, WILLIAM A. WARREN,
MD., DAVID J. KIHM, LARRY J. SELL, MD,
DONNA QUINLAN, CATHY M. POPE,
REBEKAH M. HAGGARD, MD, JOSEPH R.
BURTCH, MD, MARY ANN ROOSE, TRACIE E.
HILL, LIZABETH RALLES, MD,
KIM MAHLER, DO, JAMES ROCCO, MD, PAUL
A. LAHAYE, MD, HARESH B. PANDYA, MD,
JAMIE MONVILLE, ADAM ELDEMAN, MD,
SYLVIA McQUEEN, MD, CARL J. KELDIE, MD,
RICHARD MILES, MD, JEFFREY C. STIEVE,
MD, CAROL R. HOWES, and JOHN DOE,
jointly and severally,

    Defendants.

Case No.: USDC Case No. 11-cv-12939
Hon: Denise Page Hood

_____/

**CERTIFICATE OF SERVICE**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Suite 2400
Detroit, MI 48226-5485
(313) 965-7900

I hereby certify that on November 8, 2012, I electronically filed the foregoing **MOTION FOR SUMMARY JUDGMENT BY DEFENDANT PAUL A. LaHAYE, M.D., BRIEF IN SUPPORT AND CERTIFICATE OF SERVICE** with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

                                              KITCH DRUTCHAS WAGNER
                                              VALITUTTI & SHERBROOK

By: *S/Christina A. Doyle*
     RALPH F. VALITUTTI (P26128)
     SUSAN HEALY ZITTERMAN (P33392)
     RYAN D. EWLES (P64647)
     CHRISTINA A. DOYLE (P68778)
     Attorneys for Paul A. LaHaye, MD
     10 South Main Street, Suite 200
     Mt. Clemens, MI 48043-7903
     (586) 463-9770
     ralph.valitutti@kitch.com
     sue.zitterman@kitch.com
     ryan.ewles@kitch.com
     christina.doyle@kitch.com

Dated: November 8, 2012

MTC01:330407.1

Kitch Drutchas Wagner Valitutti & Sherbrook
Attorneys & Counselors at Law
One Woodward Avenue
Ste. 2400
Detroit, MI 48226-5485
(313) 965-7900

13