UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

       Plaintiff,                          Case No. 11-12939

v.                                        District Judge Denise Page Hood
                                           Magistrate Judge R. Steven Whalen

CORIZON HEALTH, INC., ET AL.,

       Defendants.
_____/

**ORDER REGARDING RULE 37 SANCTIONS**

Before the Court are two motions to dismiss as a discovery sanction pursuant to Fed.R.Civ.P. 37 [Doc. #90 and Doc. #91], based on Plaintiff's failure to comply with this Court's discovery order. The motions will be GRANTED IN PART, to the extent that in lieu of dismissal, Plaintiff will be assessed monetary sanctions in the amount of $250.00 as to each motion.[1]

Plaintiff's original counsel withdrew from this case on December 2, 2011, and the case was stayed for 60 days in order for Plaintiff to obtain new counsel [Doc. #67]. Plaintiff apparently had difficulty obtaining counsel. On July 9, 2012, while he was

---

[1] Although the motions are titled "motions to dismiss," the relief I am granting is non-dispositive. I therefore proceed by Order under 28 U.S.C. § 636(b)(1)(A), rather than Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Bell–Flowers v. Progressive Ins. Co.,* 2005 WL 3434818, at *1, 2 n. 1 (W.D.Tenn. Dec.13, 2005) ("The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." (citing cases)); *Coleman v. Canton Township*, 2010 WL 3906015, *1 (E.D.Mich. 2010)("a party's characterization of a motion as being 'dispositive' or 'non-dispositive' does not make it so"); *Beattie v. CenturyTel, Inc.,* 2009 WL 5066676, *1 (E.D.Mich. 2009).

unrepresented, I entered two orders compelling discovery within 21 days [Doc. #82 and Doc. #83]. In both Orders, I advised Plaintiff that failure to comply would result in sanctions, "which may include monetary sanctions or dismissal of his complaint." On July 19, 2012, new counsel entered an appearance on behalf of Plaintiff. However, discovery was not timely produced, as I ordered.

Fed. R. Civ. P. 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. The sanction imposed is vested in the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988).

Dismissal is a severe sanction. Granting dispositive relief–either dismissal or default judgment– or failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)(citations omitted). *See also Grange Mut. Cas. Co. v. Mack,* 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment [and by implication dismissal of a complaint] is the court's most severe discovery sanction).

While Plaintiff's failure to timely comply with this Court's discovery orders is troubling, in reviewing the factors set forth in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997), I am not inclined to impose the draconian sanction of dismissal. Most importantly, I do not find that the Plaintiff's failures were due to willfulness or bad faith. When the discovery orders were entered, Plaintiff was

proceeding *pro se*. Present counsel represents that a number of problems, including Plaintiff's residence in Indiana and various communication problems between himself and Plaintiff, contributed to delays in producing discovery.

Since that time, lay discovery has been provided, Plaintiff has signed medical authorizations, and many of the Defendants have been dismissed by stipulation [Doc. #129, #130 and #131], simplifying the case. A motion for summary judgment is pending [Doc. #104]. In addition, lesser sanctions have not been imposed on the Plaintiff.

Therefore, the motions for sanctions [Doc. #90 and Doc. #91] are GRANTED IN PART, to the extent that in lieu of dismissal, Plaintiff shall, within 120 days of the date of this Order, pay $250.00 to Chapman and Associates, P.C., relevant to Doc. #90, and shall pay $250.00 to the Juip Richtarcik Law Firm, relevant to Doc. #91.

In addition, if Plaintiff has not already done so, he shall submit expert report(s) to Defendants within 60 days of the date of this Order. Upon receipt of the Plaintiff's expert report(s), Defendants may depose Plaintiff's expert(s), and submit amended expert report(s) and/or supplement their motion for summary judgment.

IT IS SO ORDERED.

                                                        s/ R. Steven Whalen
                                                        R. STEVEN WHALEN
                                                        UNITED STATES MAGISTRATE JUDGE

Date: March 29, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 29, 2013.

                                                        Johnetta M. Curry-Williams
                                                        Case Manager