UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

      Plaintiff,                                     Case No. 11-12939
                                                  Honorable Denise Page Hood

v.

CORIZON HEALTH, INC., et al.,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

      This matter is before the Court on Plaintiff's Objection to/Appeal from **[Doc. No. 155]** the Magistrate Judge's July 29, 2013 Order **[Doc. No. 152]** granting Defendants' Emergency Motion to Disqualify Plaintiff's Expert.

      The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).  Any appeal of or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection.  E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Objections that are only general and are not specific waive the right to appeal.  *See Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991).  In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333

U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)**.** "If two permissible views exist, a magistrate judge's decision cannot be 'clearly erroneous.'" *Hennigan v. Gen. Elec. Co.*, 2010 WL 4179376 *2 (E.D. Mich. Oct. 20, 2010) (unpublished).  Rule 72(a) provides considerable deference to the determinations of magistrate judges.  *In re Search Warrants*, 889 F.Supp. 296, 298 (S.D. Ohio 1995).

The Court finds that the Magistrate Judge's decision to grant Defendants' Motion to Disqualify Plaintiff's Expert is not clearly erroneous.  The decision to disqualify an expert is discretionary and courts have inherent power to disqualify expert witnesses.  *Thompson v. Edgetech,* 2012 WL 3870563 at *2 (E.D. Mich. Sept. 6, 2012).  The Magistrate Judge did not clearly err in applying the *Thompson* test to the issue at hand:  1) whether the expert had confidential relationship with the adversary; and, 2) whether the adversary disclosed confidential information to the expert that is relevant to the current litigation.  *Id.*  Balancing competing policy objectives in determining expert disqualification is important as well.  On the one hand, ensuring litigants have access to experts with specialized knowledge, the right of experts to pursue their profession, and ensuring the integrity of the judicial system by preventing litigants from disqualifying experts.  On the other hand, disqualification is appropriate to prevent conflicts of interest and maintaining the integrity of the judicial process.  *Id.*

Plaintiff's named expert, David Sova, D.O., was employed as a part time physician with Defendant Corizon Health, Inc. (formerly Prison Health Services), which dismissed by stipulation on March 15, 2013.  Dr. Sova was employed with Corizon until May 2013 at Kent County.  He did not treat Plaintiff, who was housed at  while employed by Corizon.  It is unclear as to what expert testimony he will provide, but will likely testify as to the procedures and health decision protocols

2

by the physicians employed by Corizon while treating patients with the Michigan Department of

Corrections since expert testimony as to the type of care a patient requires does not require specific

knowledge of medical care in a prison setting.  As noted by the Magistrate Judge in discussing the

difference of the negligence standard in a medical malpractice claim and an Eighth Amendment

deliberate indifference claim,

> It is a different standard, but how does somebody who's
> worked as a jail doctor have a greater knowledge from a medical
> standpoint as to what's required in a case and what would be – rise
> to the level of not only negligence but deliberate indifference?  How
> does that prison doctor have greater knowledge of that than a doctor
> on the outside?  Because what you're really talking about is a medical
> problem.

(7/29/13 Hrg. Tr. at 17)

The Magistrate Judge did not clearly err in finding that Dr. Sova had a confidential

relationship with Defendant Corizon and that Defendant Corizon disclosed confidential information

to Dr. Sova, specifically the "utilization management" procedure used by Defendant Corizon in

approving treatment by the physicians who treat the prisoners.  In balancing the competing policy

objectives, the Magistrate Judge did not clearly err in finding disqualification was appropriate to

prevent conflicts of interest between Defendant Corizon and its employees or former employees,

which supports maintaining the integrity of the judicial process.  As cited by the Magistrate Judge

from the *Thompson* opinion, "Courts have been quick to find a confidential relationship in situations

where the expert witness previously worked for the opposing party."  (7/29/13 Hrg. Tr. at 23, citing

*Thompson*, 2012 WL 3870563 at *4)  Even though Defendant Corizon is no longer a defendant in

this matter, certain individual physicians employed by Corizon remain, who applied Corizon's

"utilization management" procedure in assessing Plaintiff's medical needs.  The Court affirms the

3

Magistrate Judge's order disqualifying Dr. Sova as an expert.

Accordingly,

IT IS ORDERED that Plaintiff's Appeal of / Objection to the Magistrate Judge's July 29, 2013 Order **[Doc. No. 155]** is DENIED.  The Magistrate Judge's July 29, 2013 Order **[Doc. No. 152]** is AFFIRMED.

S/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2013, by electronic and/or ordinary mail.

S/Holly Monda for LaShawn Saulsberry
Case Manager

4