UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENTON SILDACK,

    Plaintiff,                                   Case No. 11-12939
                                             Honorable Denise Page Hood

v.

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## and
## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR SUMMARY JUDGMENT

       This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation filed August 23, 2013 **[Doc. No. 157]** on Defendants' Motion for Summary Judgment. **[Doc. No. 104]** Defendants timely filed Objections to the Report and Recommendation. **[Doc. No. 160]** To date, no Objections to the Report and Recommendation have been filed by Plaintiff.

       In Defendants' Objections, they do not object to the dismissal of: Prison Health Services, Inc.; Corizon Health, Inc. f/k/a Correctional Medical Services, Inc.; Richard Miles, M.D.; Lizebeth Ralles, M.D.; James Rocco, M.D.; Larry Sell, M.D.; Rebekah Haggard, M.D.; Joseph Burtch, D.O.; Kim Mahler, D.O.; and Carl Keldie, M.D. These Defendants are DISMISSED with prejudice. Defendants strongly object to the denial of their summary judgment motion as to Defendants Adam M. Edelman, M.D. and Sylvia McQueen, M.D.

       Defendants Edelman and McQueen raise three Objections to the Report and Recommendation: 1) the Magistrate Judge prematurely denied summary judgment to Defendants

Edelman and McQueen; 2) the Report and Recommendation misstates the facts; and, 3) the Report and Recommendation failed to consider the parties' expert opinions.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation and the Objections filed to the Report and Recommendation, the Court finds that Magistrate Judge's findings and conclusions are correct. The Court agrees with the Magistrate Judge that there are genuine issues of material fact as to Dr. Edelman's actions relating to the denial of additional medical treatment for Plaintiff. There is sufficient evidence in the record which creates a genuine issue of material fact that Dr. Edelman's decisions suggest deliberate indifference to Plaintiff's serious medical needs.

The Court further agrees with the Magistrate Judge that Dr. McQueen is also not entitled to summary judgment. As noted by the Magistrate Judge, Dr. McQueen's affidavit misrepresents Dr. LaHaye's recommendation and in fact did not follow Dr. LaHaye's advice. There remains a genuine issue of material fact that Dr. McQueen's decision denying Plaintiff additional medical care

constitutes deliberate indifference to his serious medical needs.

As to Defendants' first objection, that the Report and Recommendation was issued prematurely because the Magistrate Judge should have waited until Defendants submitted additional support for their Motion for Summary Judgment, nothing in the rules so provides. Defendants filed the motion on November 9, 2012. Rule 56(c) provides that a party asserting that a fact cannot be disputed "must" support the assertion by citing to the record. Fed. R. Civ. P. 56(c)(1). Rule 56(c)(3) states that the court need only cite to the materials in the record. Fed. R. Civ. P. 56(c)(3). The March 29, 2013 Magistrate Judge order stated that, "[u]pon receipt of the Plaintiff's expert report(s), Defendants may depose Plaintiff's expert(s), and submit amended expert report(s) and/or supplement their motion for summary judgment." (MJ Ord. No. 133) The Magistrate Judge issued the Report and Recommendation on August 23, 2013, almost five months after the Order was issued, and more than nine months since Defendants filed the motion. Defendants did not supplement their summary judgment motion until they filed their Objections to the Report and Recommendation. If the Defendants required further discovery to support their summary judgment motion, they should have waited until discovery was complete before filing their motion. The burden to show that there are no genuine issues of material fact falls upon the defendants as the parties seeking summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The Magistrate Judge issued its Report and Recommendation based on the record submitted by the parties in support and in opposition to Defendants' Motion for Summary Judgment. The evidence proffered by Defendants in their objections did not relate to experts, but to facts as to what occurred in 2009 through 2011 which the could have presented to the Magistrate Judge when they filed the summary judgment motion. Defendants' first objection is overruled.

Regarding Defendants' second objection–that the Report and Recommendation misstates the facts–the Court finds that the Magistrate Judge reviewed both Drs. Edelman and McQueen's affidavits and inferred facts from those affidavits. Defendants refer to various portions of the record to dispute the inferences drawn by the Magistrate Judge. It was Defendants' burden to cite to the appropriate record if they wanted further evidence to support the affidavits they submitted. Courts do not engage in self-directed inquiry into facts, but the parties have an obligation to point to the evidence with specificity and particularity. *Emerson v. Novartis Pharm. Corp.,* 446 Fed. Appx. 733, 736 (6th Cir. 2011); *Wimbush v. Wyeth,* 619 F.3d 632, 638 n. 4 (6th Cir. 2010). Defendants asked the Magistrate Judge to consider Drs. Edelman and McQueen's affidavits and he did so, coming to his own conclusion. Defendants' second objection is overruled.

Defendants' third objection is that the Report and Recommendation failed to consider the parties' expert opinions. Weighing the credibility of competing expert reports amounts to improper fact-finding. *See Rodgers v. Monumental Life Ins. Co.,* 289 F.3d 442, 449 (6th Cir. 2002). Competing expert opinions present the classic battle of the experts and it is up to the jury to evaluate what weight and credibility each expert opinion deserves. *Phillips v. Cohen,* 400 F.3d 388, 399 (6th Cir. 2005). The Magistrate Judge was correct in not addressing either party's expert report. Defendants' fourth objection is overruled.

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 157, 8/23/2013)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED than Defendants' Objections **(Doc. No. 160, 8/30/2013)** are OVERRULED.

4

IT IS FURTHER ORDERED that Defendants' Motion to Seal Exhibit A (**Doc. No. 161, 8/30/2013**) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (**Doc. No. 104, 11/9/2012**) is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that the following Defendants are DISMISSED with prejudice: Prison Health Services, Inc.; Corizon Health, Inc.; Correctional Medical Services, Inc.; Richard Miles, M.D.; Lizabeth Ralles, M.D.; James Rocco, M.D.; Larry Sell, M.D.; Rebekah Haggard, M.D.; Joseph Burtch, D.O.; Kim Mahler, D.O.; and Carl Keldie, M.D.

IT IS FURTHER ORDERED that Adam M. Edelman, M.D. and Sylvia McQueen, M.D. REMAIN as defendants in this case.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge to complete discovery and to assist the parties prepare for trial. The Magistrate Judge will submit a status report to the Court within 30 days from this Order so that the Court may schedule the Final Pretrial Conference and Trial dates.

S/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2013, by electronic and/or ordinary mail.

S/Holly Monda for LaShawn Saulsberry
Case Manager