# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

TRENTON SILDACK, #255969,

       Plaintiff,                 Case No: 2:11-cv-12939

v.                                   Honorable: Denise Page Hood

                                        Magistrate Judge: R. Steven Whalen

CORIZON HEALTH, INC., et al,

       Defendants.

---

| THE MACKRAZ LAW OFFICE, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Frederick E. Mackraz (P52623) | Ronald W. Chapman (P37603) |
| Attorney for Plaintiff | Carly Van Thomme (P59706) |
| 401 Hall Street, SW | Attorneys for Defendants |
| Suite 134 | Adam Edelman, M.D., and |
| Grand Rapids, MI 49503 | Sylvia McQueen, M.D. |
| (616) 235-4000 | 40950 Woodward Ave., Ste. 120 |
| fred@mackrazlaw.com | Bloomfield Hills, MI 48304 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | cvanthomme@chapmanlawgroup.com |
| STEPHEN L. GRIMM, P.C. | |
| Stephen L. Grimm (P42215) | James T. Farrell (P35400) |
| Co-Counsel for Plaintiff | Kevin Thom (P36178) |
| 3333 Evergreen Dr. NE | Attorney for Defendant |
| Suite 200 | Jeffrey C. Stieve, M.D., |
| Grand Rapids, MI 49525 | MI Dept. Attorney General - Corrections |
| (616) 459-0220 | P.O. Box 30217 |
| steve@slgrimmpc.com | Lansing, MI 48909 |
| | (517) 335-7021 |
| | farrellj@michigan.gov |
| | thomk@michigan.gov |

---

**DEFENDANTS ADAM EDELMAN, M.D. AND SYLVIA MCQUEEN, M.D.'S MOTION TO STRIKE PLAINTIFF'S EXPERT CHARLES KERSHNER, M.D., UNDER *DAUBERT V. MERRELL DOW PHARMACEUTICALS, INC.* AND FED. R. EVID. 702**

1

NOW COME Defendants ADAM EDELMAN, M.D. and SYLVIA MCQUEEN, M.D., by and through their attorneys, CHAPMAN LAW GROUP, and request that this Honorable Court enter an order striking Plaintiff's retained expert (Charles Kersher, M.D.) under Daubert and Fed. R. Evid. 702, as follows:

1. Plaintiff has one retained expert in this matter (Charles Kershner, M.D.)[1].

2. Plaintiff has the burden of proof to show that the actions of Defendants proximately caused his alleged permanent nerve damage.

3. *Daubert v Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993) and Fed. R. Evid. 702 require "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."

4. Here, Dr. Kershner's expert testimony is that the only inappropriate medical decision was the September 2009 decision not to approve epidural steroid injections for Plaintiff. (**Exhibit A pp. 11, 30-31, 82, 93, 98-99**).

5. He also opines that Plaintiff has permanent nerve damage (**Exhibit A, pp. 108-109**).

6. Dr. Kershner cannot demonstrate by scientific evidence that the September 2009 decision not to approve epidural steroid injections proximately caused Plaintiff's alleged permanent nerve damage.

---

[1] The Court entered an order striking Plaintiff's other retained expert (David Sova, D.O.) on July 29, 2013. (**Dkt. No. 152**).

2

7. Dr. Kershner provides no support for this opinion, and there is no scientific evidence or supportive peer-reviewed articles to suggest that failure to provide epidural steroid injections is the proximate cause of permanent nerve damage in a patient like Plaintiff.

8. Dr. Kershner did not present testimony to explain the principles and methods he utilized to reach his conclusion that the failure to approve epidural steroid injections caused Plaintiff permanent nerve damage. He cannot show that his theory has been tested, subjected to peer review and publication, or is generally accepted within a relevant scientific community.

9. Dr. Kershner never demonstrated how approval of epidural steroid injections would have prevented or reversed Plaintiff's alleged permanent nerve damage. Therefore, Dr. Kershner's testimony must be stricken.

10. Defendants' counsel sought concurrence from Plaintiff's counsel and explained the basis of this Motion; however, concurrence could not be obtained.

WHEREFORE, Defendants ADAM EDELMAN, M.D. and SYLVIA MCQUEEN, M.D. respectfully request that this Court grant this Motion and strike Dr. Kershner as a causation expert and provide any and all other relief that the Court deems just and equitable.

                                                    Respectfully Submitted,
                                                    CHAPMAN LAW GROUP

Dated: November 10, 2014        /s/Ronald W. Chapman
                                                    Ronald W. Chapman (P37603)
                                                    Carly Van Thomme (P59706)
                                                    Attorneys for Defendants
                                                    Adam Edelman, M.D. and
                                                    Sylvia McQueen, M.D.
                                                    40950 Woodward Ave., Suite 120
                                                    Bloomfield Hills, MI 48304
                                                    (248) 644-6326
                                                    rchapman@chapmanlawgroup.com
                                                    cvanthomme@chapmanlawgroup.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

TRENTON SILDACK, #255969,

      Plaintiff,

v.

CORIZON HEALTH, INC., et al,

      Defendants.

Case No: 2:11-cv-12939
Honorable: Denise Page Hood
Magistrate Judge: R. Steven Whalen

---

| | |
|---|---|
| THE MACKRAZ LAW OFFICE, P.C. | CHAPMAN LAW GROUP |
| Frederick E. Mackraz (P52623) | Ronald W. Chapman (P37603) |
| Attorney for Plaintiff | Carly Van Thomme (P59706) |
| 401 Hall Street, SW | Attorneys for Defendants |
| Suite 134 | Adam Edelman, M.D., and |
| Grand Rapids, MI 49503 | Sylvia McQueen, M.D. |
| (616) 235-4000 | 40950 Woodward Ave., Ste. 120 |
| fred@mackrazlaw.com | Bloomfield Hills, MI 48304 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | cvanthomme@chapmanlawgroup.com |
| STEPHEN L. GRIMM, P.C. | |
| Stephen L. Grimm (P42215) | James T. Farrell (P35400) |
| Co-Counsel for Plaintiff | Kevin Thom (P36178) |
| 3333 Evergreen Dr. NE | Attorney for Defendant |
| Suite 200 | Jeffrey C. Stieve, M.D., |
| Grand Rapids, MI 49525 | MI Dept. Attorney General - Corrections |
| (616) 459-0220 | P.O. Box 30217 |
| steve@slgrimmpc.com | Lansing, MI 48909 |
| | (517) 335-7021 |
| | farrellj@michigan.gov |
| | thomk@michigan.gov |

---

**BRIEF IN SUPPORT OF DEFENDANTS ADAM EDELMAN, M.D. AND SYLVIA MCQUEEN, M.D.'S MOTION TO STRIKE PLAINTIFF'S EXPERT CHARLES KERSHNER, M.D., UNDER *DAUBERT V. MERRELL DOW PHARMACEUTICALS, INC.* AND FED. R. EVID. 702**

i

**PROOF OF SERVICE**

**TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES ................................................................................. iii

INDEX OF EXHIBITS ........................................................................................ iv

STATEMENT OF ISSUES PRESENTED.............................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ......... vi

INTRODUCTION AND STATEMENT OF FACTS .............................................1

LEGAL STANDARD............................................................................................3

LEGAL ARGUMENT ...........................................................................................3

CONCLUSION .....................................................................................................7

# INDEX OF AUTHORITIES

**CASES**

*Byers v. Strachan*, 69 Fed. Appx. 274, 275-276 (6th Cir. 2003) ................................ 3

*Daubert v Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 589 (1993) ........... 2, 4

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-530 (6th Cir. 2008) .......... vi, 3

*Santiago v. Ringle*, 734 F.3d 585, 593 (6th Cir. 2013) ............................................. 3

*Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670-672 (6th Cir. 2010) ....................... 5

*Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005) ........................ 4

**FEDERAL RULES OF EVIDENCE**

Fed. R. Evid. 702 ................................................................................ vi, 2, 3, 4, 6

# EXHIBITS

**EXHIBIT A**   Charles Kershner, M.D. Deposition Transcript

**EXHIBIT B**   *Byers v. Strachan*, 69 Fed. Appx. 274, 275-276 (6th Cir. 2003)

**EXHIBIT C**   Epidural Steroid Injection Article from Columbia University Medical Center, The Spine Center – Columbia Neurosurgeons

# STATEMENT OF ISSUES PRESENTED

1. SHOULD THE COURT STRIKE THE CAUSATION TESTIMONY OF PLAINTIFF'S RETAINED MEDICAL EXPERT UNDER *DAUBERT*?

   DEFENDANTS STATE:                              YES.

   PLAINTIFF STATES:                              NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

"The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-530 (6th Cir. 2008), citing Fed. R. Evid. 702.

## I.  STATEMENT OF RELEVANT FACTS

Plaintiff's retained expert Dr. Kershner's opinion is that the <u>only</u> treatment decision that was inappropriate was the decision not to approve epidural steroid injections in September 2009. (**Exhibit A pp. 11, 30-31, 82, 93, 98-99**). He also opines that Plaintiff has permanent nerve damage (**Exhibit A, pp. 108-109**).

On August 14, 2009, Adam Edelman, M.D., Jeffrey Stieve, M.D. and Sylvia McQueen, M.D. participated in a conference call regarding Plaintiff's medical condition and treatment plan. (**Dkt. No. 104-10, ¶ 2; Dkt. No. 104-11, ¶ 4; Dkt. No. 104-2 at A1, pp. 143-144**). They all agreed that additional physical examination findings were necessary to determine a plan for treatment. (**Dkt. No. 104-10, ¶ 3; Dkt. No. 104-11, ¶ 5; Dkt. No. 104-2 at A1, pp. 143-144**).

On August 20, 2009, Richard Miles, M.D. completed an independent medical examination of Plaintiff and reported his findings to Dr. McQueen. (**Dkt. No. 104-5, ¶¶ 2-4; Dkt. No. 104-11, ¶ 6; Dkt. No. 104-2 at A1, pp. 137-139**). Plaintiff then had a neurosurgery consult with Paul LaHaye, M.D., who recommended epidural steroid injections[2]. (**Dkt. No. 104-11, ¶ 7; Dkt. No. 104-2 at A1, p. 44**).

---

[2] Dr. LaHaye's report of September 9, 2009 (affirmed by his affidavit) recommended only epidural steroid injections and an MRI at that time. Dr. LaHaye acknowledged that surgery could be a possibility <u>in the future</u>, noting "If it comes to surgery…") [**Dkt. No. 102-4**].

1

On September 15, 2009, Joseph Burtch, D.O. reviewed the diagnoses and recommendations that neurosurgeon Paul LaHaye, M.D. had made following his consult with Plaintiff on or about September 9, 2009. (**Dkt. No. 104-6, ¶ 4; Dkt. No. 104-2 at A1, pp. 44, 128-133**). On that same date and in accordance with the recommendations of Dr. LaHaye, Dr. Burtch submitted two Consultation Requests, requesting that Plaintiff have (1) an additional MRI of his cervical spine and (2) epidural steroid injections. (**Dkt. No. 104-6, ¶ 5; Dkt. No. 104-2 at A1, pp. 44, 128-133**).

On or about September 30, 2009, Non-Defendant Harriet Squier, M.D. reviewed Dr. Burtch's September 15, 2009 request for Plaintiff to receive epidural steroid injections; <u>notably, Dr. Burtch's request did not mention that Dr. LaHaye had stated that surgery was a future possibility for Plaintiff</u>. (**Dkt. No. 172-1, ¶ 4; Dkt. No. 172-1 at Exhibit A;** *see also* **Dkt. Nos. 172-2 and 172-3**). Dr. Squier decided not to approve Dr. Burtch's request and instead to issue an alternate treatment plan. (**Dkt. No. 172-1, ¶ 5; Dkt. No. 172-1 at Exhibit A;** *see also* **Dkt. Nos. 172-2 and 172-3**). The alternate treatment plan was that Mr. Sildack perform aerobic exercise and stretching, including yoga. (**Dkt. No. 172-1, ¶ 6; Dkt. No. 172-1 at Exhibit A;** *see also* **Dkt. Nos. 172-2 and 172-3**).

Plaintiff was released on parole on January 25, 2011. On February 4, 2011, Plaintiff went to the emergency room at Marion General Hospital in Marion

Indiana, where he reported that his low back pain symptoms had "worsened over the last week," and he reported having "loss of sensation in the genital area" for the first time. (**Dkt. No. 160-2**). On April 19, 2011, Plaintiff had back surgery.

## II. LEGAL STANDARD

"The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-530 (6th Cir. 2008), citing Fed. R. Evid. 702.

## III. LEGAL ARGUMENT

Plaintiff has the burden of proof to show that the actions of Defendants proximately caused his alleged permanent nerve damage. *Santiago v. Ringle*, 734 F.3d 585, 593 (6th Cir. 2013)(plaintiff has the burden of proof regarding a deliberate indifference claim); *Byers v. Strachan*, 69 Fed. Appx. 274, 275-276 (6th Cir. 2003)(plaintiff with back injury who alleges detrimental delay in treatment must have verifying medical evidence to demonstrate damages caused by delay)(**Exhibit B**).

Further, *Daubert v Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 589 (1993) and Fed R. Evid. 702 require "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Here, Dr. Kershner's expert testimony is that the only treatment decision that was inappropriate was the decision not to approve epidural steroid injections in September 2009:

> Q. Okay. And so you believe the only person in all of this or people that committed deliberate indifference was whoever the person was that denied the steroid injection that Dr. LaHaye suggested in September of 2009. Because you say, if you're not going to get a second opinion […] with a neurosurgeon, then you need to follow what the neurosurgeon said?
>
> A. Yes.

(**Exhibit A, p. 93;** *see also* **pp. 11, 30-31, 82, and 98-99**).

The Court has the duty to be the gatekeeper as to scientific evidence, which requires the Court to assess whether the medical opinions are actually supported by science and not just accept the opinions because of the nature of the expert's qualifications:

> **The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'"** See FED. R. EVID. 702 advisory committee's note. When Daubert was remanded back to the Ninth Circuit, the court stated that **"we've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under Daubert, that's not enough."** Daubert, 43 F.3d 1311, 1319 (9th Cir. 1995).

4

*Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005).

Fed R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Tamraz v. Lincoln Elec. Co.*, the Sixth Circuit held that a neurologist's testimony was not properly admissible where there were several speculative jumps in his line of reasoning. 620 F.3d 665, 670-672 (6th Cir. 2010). The Sixth Circuit noted that the use of the phrase "with a reasonable degree of medical certainty" does not automatically make an opinion admissible and that "the courtroom is not the place for scientific guesswork, even of the inspired sort." *Tamraz v. Lincoln Elec. Co.*

Here there are several speculative jumps in Dr. Kershner's line of reasoning as well. Dr. Kershner opines that the decision not to approve epidural steroid

5

injections was an inappropriate medical decision. He also opines that Plaintiff has permanent nerve damage (**Exhibit A, pp. 108-109**). **However, Dr. Kershner does not explain how a decision not to approve epidural steroid injections in 2009 resulted in permanent nerve damage following Plaintiff's 2011 back surgery.** He does not explain <u>when</u> Plaintiff sustained the nerve damage. He does not explain <u>how</u> epidural steroid injections would have prevented or reversed nerve damage. He does not explain the <u>cause and effect</u> relationship between these occurrences.

 Indeed, Dr. Kershner <u>cannot</u> support this opinion scientifically, because the purpose of epidural steroid injections is simply to reduce pain and inflammation to make it easier for a patient to perform therapeutic exercises. (**Exhibit C**). Moreover, according to neurosurgeons at Columbia University Medical Center, it is only effective for that purpose 50% of the time. (**Exhibit C**). Epidural steroid injections are not used to treat nerve damage—but nerve damage <u>is a potential side effect</u> of epidural steroid injections. (**Exhibit C**). Accordingly, there is no scientific basis to support the claim that Plaintiff would <u>not</u> have the alleged permanent nerve damage following his April 2011 surgery if he had epidural steroid injections while incarcerated in September 2009. If the Court determines that an evidentiary hearing is necessary, Defendants will present expert testimony in support of these arguments.

## IV.    CONCLUSION

In conclusion, Plaintiff has no scientific or peer-reviewed evidence to support Dr. Kershner's opinion that the decision not to approve epidural steroid injections in September 2009 resulted in permanent nerve damage following Plaintiff's 2011 back surgery. Dr. Kershner's testimony must be stricken under MRE 702 and *Daubert*.

## RELIEF REQUESTED

WHEREFORE, Defendants ADAM EDELMAN, M.D. and SYLVIA MCQUEEN, M.D. respectfully request that this Court grant this Motion and strike Dr. Kershner as a causation expert and provide any and all other relief that the Court deems just and equitable.

                                            Respectfully Submitted,
                                            CHAPMAN LAW GROUP

Dated: November 10, 2014                    /s/Ronald W. Chapman
                                            Ronald W. Chapman (P37603)
                                            Carly Van Thomme (P59706)
                                            Attorneys for Defendants
                                            Adam Edelman, M.D. and
                                            Sylvia McQueen, M.D.
                                            40950 Woodward Ave., Suite 120
                                            Bloomfield Hills, MI 48304
                                            (248) 644-6326
                                            rchapman@chapmanlawgroup.com
                                            cvanthomme@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on November 10, 2014, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated: November 10, 2014

/s/Ronald W. Chapman
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Attorneys for Defendants
Adam Edelman, M.D. and
Sylvia McQueen, M.D.
40950 Woodward Ave., Suite 120
Bloomfield Hills, MI 48304
(248) 644-6326
rchapman@chapmanlawgroup.com
cvanthomme@chapmanlawgroup.com